IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL -7 2010

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 10-cv-01162-BNB

RICK DEE KEEBLER,

    Applicant,

v.

JULIE WANDS, Warden,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant Rick Dee Keebler is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Keebler initiated the instant action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Keebler is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Although Mr. Keebler concedes he has not exhausted his administrative remedies, the Court may proceed to decide the merits of this action. 28 U.S.C. § 2254(b)(2); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)

(followed § 2254(b)(2) in a § 2241 proceeding). For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Keebler complains that his due process rights are being violated because the BOP continues to use an escape conviction entered against him in Joilet, Illinois, in 1963 to withhold certain benefits and rights. As relief, Mr. Keebler asks that the Court order the BOP to remove the escape conviction from his records and that all benefits and rights be afforded to him that are being withheld due to the escape conviction.

To the extent Mr. Keebler is challenging his classification, allegedly mistaken classification and placement do not implicate a liberty interest created under the Constitution. Prisoners are not entitled to any particular degree of liberty. *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Also, Mr. Keebler's classification, as described by Mr. Keebler, does not impose any atypical or significant hardship upon him in relation to the ordinary incidents of prison life, *Sandin v. Conner*, 515 U.S. 472, 485 (1995), or threaten to lengthen his term of confinement, *id.* at 487. Classification is best left to the discretion of prison officials. *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976).

To the extent that the Mr. Keebler may be complaining about other constitutional rights having been violated by the acts of prison officials, those claims would fall under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), *see, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), and *see also Simmat v. United States Bureau of*

*Prisons*, 413 F.3d 1225, 1235-36 (10th Cir. 2005), and not under the purview of 28 U.S.C. § 2241.

The Court, however, will not construe Mr. Keebler's claims as properly filed pursuant to *Bivens*, and direct him to amend his claims by filing them on a Court-approved form used in initiating prisoner complaints. Mr. Keebler concedes he has not exhausted his administrative remedies. Although the United States Supreme Court found in *Jones v. Bock*, 549 U.S. 199, 214 (2007), that failure to exhaust remedies is an affirmative defense, the United States Court of Appeals for the Tenth Circuit has interpreted *Bock* as contemplating "that district courts can dismiss prisoner complaints for failure to state a claim if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).

Here, Mr. Keebler states he has not exhausted his administrative remedies because "[a]dministrative remedy is inappropriate in this case as the complaint is, in part, related to the Administrative Remedy Procedure." Nothing Mr. Keebler asserts supports a finding that the BOP administrative remedy procedure is not available to him to exhaust any *Bivens* claims, and Mr. Keebler clearly has not exhausted his claims for purposes of a *Bivens* action. The Application, therefore, will be denied. Mr. Keebler may file a *Bivens* complaint once he has exhausted his administrative remedies if he so desires. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice.

DATED at Denver, Colorado, this __7th__ day of __July__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 10-cv-01162-BNB

Rick Dee Keebler
Reg No. 05222-081
FCI - Florence
P.O. Box 6000
Florence, CO 81226-6000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  7/7/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk